**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

**CASE NO:**

VALERIE VANDERBILT, and
all others similarly situated under
*29 U.S.C. 216(b),*

    Plaintiff(s),

    v.

BOAT BOTTOM EXPRESS LIMITED
LIABIITY COMPANY, a Florida
limited liability company, and
JEFFREY PEER, individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, VALERIE VANDERBILT ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, and *26 U.S.C. § 7434,* files the following Complaint against Defendants, BOAT BOTTOM EXPRESS LIMITED LIABILITY COMPANY ("BBE") and JEFFREY PEER ("PEER"), individually (collectively referred to hereinafter as "Defendants"), on behalf of herself, and all others similarly situated, and alleges:

**INTRODUCTION**

1. Defendants have engaged in an intentional and unlawful scheme to misclassify Plaintiff, and all others similarly situated, as independent contractors during all time periods pertinent to their employment. Defendants have required Plaintiff, and similarly situated individuals, to incur additional taxation, and in doing so, Defendants have defrauded the federal government. Defendants have also deprived Plaintiff, and all other employees

similarly situated, of federal overtime compensation during certain periods of their employment. This is an action arising under *29 U.S.C. §§ 201-216*, and *26 U.S.C. § 7434* to recover all wages and damages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment, and to recover additional remedies pursuant to the laws of the State of Florida.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Monroe County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, BBE, was a Florida limited liability company located and transacting business within Monroe County, Florida, within the jurisdiction of this Honorable Court. BBE operates its principal location at 26724 Old State Road 4A in Ramrod Key, Florida.

4. During all times material hereto, Defendant, PEER, was and is a resident of the Southern District of Florida and was managing member, owner, and operator of the Defendant company within Monroe County, Florida.

5. During all times material hereto, Defendant, PEER, was over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, pay practices for Defendant, BBE, during the relevant time period.

6. Defendant, BBE was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

7. Defendant, PEER, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8. All acts and omissions giving rise to this dispute took place within Monroe County, Florida.

9. Defendant, BBE, is headquartered and regularly transacts business in Monroe County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

11. This Court has supplemental jurisdiction over state law claims arising under the laws of the State of Florida pursuant to *28 U.S.C. § 1367(a)*.

## GENERAL ALLEGATIONS

12. Defendant, BBE, is a boat restoration service company based in Ramrod Key, Florida, that has been operating in the State of Florida since 2012.

13. According to its own website, BBE advertises itself to the South Florida community as providing:

> Bottom Painting, Fiberglass Repair, Trailer Service, Restoration, Detailing & Repair, Fiberglass & Paint Supplies, and Boat and Equipment Sales.

*See* www.bottompaintinglowerkeys.com.

14. The website for BBE further states the following:

> Rely on the experts at Boat Bottom Express for all of your painting needs. We offer unbeatable antifouling paint, which discourages the growth of algae, barnacles, mussels, and other marine life on the underwater portion of your boat. If your boat is wooden, it prevents marine borers as well…. We offer you 45 years of experience and guarantee all of our work, so don't hesitate to contact us today.

*See* www.bottompaintinglowerkeys.com/bottom-painting/4348729

3

15. Based upon the content of its website, Defendant, BBE, advertises itself to the South Florida community as a provider of boat painting, repair, restoration, detailing, sales, and supplies.

16. Defendant, BBE, is not exempt from FLSA coverage.

17. Defendant, BBE, is covered under the FLSA through enterprise coverage, as BBE was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, BBE's business and Plaintiffs' work for BBE affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

18. During her employment with Defendant, BBE, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: telephones, cellular telephones, paper, pens, computer equipment, office furniture, boating vessels, cash, folders, automobiles, and deposit slips.

19. Defendant, BBE, also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or regularly and recurrently used the instrumentalities of interstate commerce, or the mails, thus making Defendant, BBE's business an enterprise covered by the FLSA.

20. Plaintiff, herself, was regularly and recurrently engaged in using the instrumentalities of commerce such that she is subject to individual coverage under the FLSA.

4

21. Upon information and belief, Defendant, BBE, grossed or did business in excess of $500,000.00 during the years of 2015, 2016, 2017, and is expected to gross in excess of $500,000.00 in 2018.

22. Plaintiff was hired as a non-exempt employee of Defendant, BBE, and Defendant, PEER, within the meaning of the FLSA.

23. Plaintiff began working as a non-exempt employee for Defendants, BBE and PEER on or about October 23, 2017.

24. Defendant, PEER, maintained control over the day-to-day operations of BBE, including the payroll policies, hiring, firing, and scheduling duties.

25. Defendant, PEER, was managing member, owner, and operator of Defendant, BBE, and controlled the company's payroll practices, and was vested with ultimate decision-making authority for Defendant, BBE.

26. Plaintiff was employed by Defendant, BBE, as an administrative assistant and was initially paid on an hourly basis at the regular hourly rate of $16.00 per hour.

27. During the first month of her employment, Plaintiff was required to work an average of ten and a half (10.5) hours per day six (6) days a week.

28. Additionally, Plaintiff was required to be on call one to two (1-2) hours each night of the week.

29. Defendants, BBE and PPE failed to keep or maintain adequate time records for Plaintiff and other similarly situated individuals.

30. After the first month of her employment, Plaintiff's compensation was raised to $1,000.00 per week and Plaintiff began assisting with staffing, scheduling, hiring, firing, counseling, training, inventory control, insurance claims, quick-books, customer follow up, marketing,

picking up employees who needed rides to work, feeding Defendant, PEER'S cats in the mornings, and chauffeuring PEER to and from local bars in the area.

31. Plaintiff worked for Defendant, BBE, from on or about October 23, 2017, through on or about October 11, 2018, when she was terminated from her employment.

### Overtime Compensation Owed to Plaintiff

32. Plaintiff's agreed regular hourly rate during her initial employment period was $16.00 per hour.

33. During the first month of her employment, Plaintiff worked an average of sixty-three (63) hours each week and was only compensated $16.00 per hour for the first forty (40) hours of her employment.

34. During this initial employment period worked by Plaintiff, Defendants BBE and PEER paid Plaintiff a $16.00 an hour for the first forty (40) hours *regardless* of the number of hours Plaintiff actually worked.

35. Defendants, BBE and PEER, failed to pay plaintiff one-and-one-half times her regular hourly rate for any hours worked in excess of forty (40) in any given workweek.

36. Accordingly, during this initial employment period, Plaintiff is owed time-and-one-half her regular hourly rate in the amount of $24.00 per hour for twenty-three (23) hours per week for four (4) weeks.

37. In total, during the initial employment period of the first four (4) weeks, Plaintiff is entitled to recover $552.00 per week for a total of $2,208.00 in unliquidated damages.

38. However, Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for wages in the amount of $2,208.00.

**Unlawful Misclassification as Independent Contractor**

39. On or about November 2017, following the destruction left by Hurricane Irma, BBE began to benefit from an influx of boat work and sales in the Florida Keys and surrounding area.

40. As a result of this additional work, projected gross sales for BBE in 2017 were expected at or near $1,000,000.00

41. Due to this influx of work, on or about November 17, 2017, nearly one (1) month after hiring Plaintiff, Defendants assigned Plaintiff additional duties and began to compensate Plaintiff at salaried rate of $1,000.00 per week.

42. In addition to the $1,000.00 per week, Defendants made an agreement to compensate Plaintiff 7% of all revenue brought in after the time on which Plaintiff became a salaried employee.

43. During this time period, Defendants, BBE and PEER, continued to maintain full control, direction, and discretion over the work responsibilities and duties performed by Plaintiff.

44. After being moved to a salaried position, Plaintiff had access to Defendants' financial records and learned that Defendants had not filed taxes since 2014.

45. Plaintiff consulted with a Certified Public Accountant and learned that Defendants were improperly compensating Plaintiff as an independent contractor instead of an employee.

46. Plaintiff advised Defendants that she was not an independent contractor and should not be compensated as such and Plaintiff even recommended that Defendants consult with a Certified Public Accountant in order to properly designate Plaintiff and others within the company as required by federal law, and to otherwise get their financial affairs in order.

47. Defendants, BBE and PEER, ignored these repeated attempts by Plaintiff to cure these violations of federal law.

48. Defendants continued to compensate Plaintiff and other employees as independent contractors thus requiring Plaintiff to incur additional tax penalties from the IRS.

49. Near the end of September 2018, Defendants received a letter from the Florida Department of Revenue for unpaid sales tax.

50. As a result of receiving this notification, Defendants immediately instructed Plaintiff to identify and compile a list of customers who had paid BBE cash for services rendered so that any related documents could be shredded and/or destroyed.

51. Plaintiff objected to this directive and advised Defendants that she would take no part in unlawful activity.

52. After Plaintiff refused to participate in unlawful activity of destroying these documents, Defendant, PEER, instructed Plaintiff to leave any such files on his desk.

53. The next day, these documents went missing.

54. Less than four (4) weeks after Plaintiff refused to destroy the above-referenced documents, on or about October 11, 2018, one of Defendant, PEER's friends, Judith Warzecha ("Ms. Warzecha") visited the BBE office.

55. Defendant, PEER, had previously identified Ms. Warzecha as a "mentor" and individual who assists him with his business practices.

56. On or about October 11, 2018, Ms. Warzecha demanded that Plaintiff: (i) turn over her company cellphone; (ii) turn over her company keys; (iii) turn over her keys to the company truck; and (iv) turn over the BBE client book.

57. Ms. Warzecha then terminated Plaintiff on behalf of Defendants, BBE and PEER.

58. Ms. Warzecha demanded that Plaintiff leave the premises immediately and instructed Plaintiff that she is no longer permitted on the premises and advised Plaintiff as follows:

"Jeff is disappointed in you and you should keep your mouth shut and think about the consequences."

59. When Plaintiff returned to the office to retrieve her personal belongings and her own personal Macbook laptop computer, the computer was missing and nowhere to be found.[1]

60. Overtime payments and commission payments to Plaintiff remain due and owing.

61. Defendants, BBE, and PEER, were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff her lawful (and hard-earned) wages.

62. As a result of these violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

### **COUNT I – FEDERAL OVERTIME WAGE LAW VIOLATIONS –** *29 U.S.C. § 207*
(**against All Defendants**)

63. Plaintiff re-avers and re-alleges Paragraphs 1 through 62 above, as though fully set forth herein.

64. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b).

65. Plaintiff is entitled to: (i) time-and-one-half overtime wages; and (iii) liquidated damages pursuant to the FLSA.

66. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, VALERIE VANDERBILT, demands judgment against Defendants, BOTTOM BOAT EXPRESS LIMITED LIABILITY COMPANY, and JEFFREY PEER,

---

[1] Likewise, Plaintiff has not been permitted to retrieve a 1977 Mako boating vessel which is currently in the possession of BBE for repairs and maintenance.

individually, and respectfully requests that she be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### COUNT II – VIOLATION OF *26 U.S.C. § 7434*
### (Against All Defendants)

67. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 62 as though set forth fully herein.

68. During the time period in which Plaintiff was employed by BBE, Plaintiff was improperly characterized as an independent contractor rather than an employee so that BBE could intentionally avoid complying with Federal and state laws including, but not limited to the failure to pay Federal payroll taxes and state unemployment taxes.

69. Defendants, PEER and BBE, willfully issued Plaintiff a 1099-MISC during her employment even though the economic realities of the employment relationship demonstrate that Plaintiff was an employee of BBE and **not** an independent contractor.

70. The 1099-MISC issued by Defendants constitutes a fraudulent information.

71. Defendants willfully filed this fraudulent information return with respect to Plaintiff's compensation during her employment in bad faith so that they could avoid the imposition of additional taxation.

72. As a result of Defendants' conduct, Plaintiff has incurred additional taxes that should otherwise have been paid by Defendants.

73. Plaintiff is accordingly owed the greater of $5,000.00 or the sum of actual damages sustained by Defendants' unlawful conduct.

74. During Plaintiff's employment, she complained about BBE's refusal to abide by federal requirements and Defendants refused to change their practices in any conceivable way.

75. Plaintiff has retained the undersigned counsel to prosecute these claims and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, VALERIE VANDERBILT, demands judgment against Defendants, BOTTOM BOAT EXPRESS LIMITED LIABILITY COMPANY, and JEFFREY PEER, individually, and respectfully requests that she be awarded the following relief: (a) damages to be paid by the Defendants jointly and severally; (b) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT III – BREACH OF CONTRACT FOR UNPAID WAGES

76. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 62 as though set forth fully herein.

77. This is a Florida common law action for breach of contract for Defendants' failure to pay Plaintiff her due wages.

78. Defendant, BBE (through PEER), acting the course and scope of his employment as managing member of BBE, verbally agreed to pay Plaintiff an extra 7% of revenue per week from the commencement of Plaintiff's performance of additional job duties on or about November 2017 when Plaintiff began helping PEER run BBE.  This amount was to be paid to Plaintiff in addition to the wages that Plaintiff was to be paid for her work as Defendants' employee.

79. Plaintiff fully performed her contractual duties overseeing the operation of BBE.  However, Defendants failed to pay Plaintiff any of the wages Defendants had agreed to pay her.

    Plaintiff is still owed these amounts plus interest from the dates that each payment to her was due.

80. Defendants breached their contract with Plaintiff for not paying her the promised wages in exchange for her services as an employee handling the operations of BBE.

81. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered damages in an amount to be proven at trial, plus prejudgment interest.

WHEREFORE, Plaintiff, VALERIE VANDERBILT, demands judgment against Defendants, BOTTOM BOAT EXPRESS LIMITED LIABILITY COMPANY, and JEFFREY PEER, individually, and respectfully requests that she be awarded the following relief: (a) damages to be paid by the Defendants jointly and severally; (b) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

    Plaintiff, VALERIE VANDERBILT, hereby requests and demands a trial by jury on all appropriate claims.

    **Dated this 13th day of November, 2018.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Valerie Vanderbilt*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
jordan@jordanrichardspllc.com
melissa@jordanrichadrspllc.com
livia@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 13th of November, 2018.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQ.
Florida Bar No. 108372

## SERVICE LIST: