UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No. 4:18-cv-10261-JLK  (King / Simonton)

VALERIE VANDERBILT, and
all others similarly situated under
*29 U.S.C. 216(b)*,

    Plaintiff,

vs.

BOAT BOTTOM EXPRESS LIMITED
LIABILITY COMPANY, a Florida
limited liability company, and
JEFFREY PEER, individually,

    Defendants.
_____/

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendants, BOAT BOTTOM EXPRESS LIMITED LIABILITY COMPANY, a Florida limited liability company, and JEFFREY PEER, individually ("Defendants"), by and through their undersigned counsel, hereby file their Amended Answer and Affirmative Defenses, as follows:

Defendants deny each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below.  Defendants also specifically reserve the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery.  Defendants' Answer to each of the specifically enumerated paragraphs of the Plaintiff's Complaint is as follows:

### INTRODUCTION

1.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 1 of the Plaintiff's Complaint and demand strict proof thereof.  Further, Defendants deny

that there exist any other similarly situated individuals and/or that any other similarly situated individuals desire to opt-in to this action and demand strict proof thereof.

## PARTIES

2. Defendants deny for want of knowledge the allegations, inferences and legal conclusions contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Plaintiff's Complaint.

4. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 4 of the Plaintiff's Complaint and demand strict proof thereof.

5. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 5 of the Plaintiff's Complaint and demand strict proof thereof.

6. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 6 of the Plaintiff's Complaint and demand strict proof thereof.

7. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 7 of the Plaintiff's Complaint and demand strict proof thereof.

## JURISDICTION AND VENUE

8. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 8 of the Plaintiff's Complaint and demand strict proof thereof.

9. Defendants do not contest jurisdiction but otherwise deny the allegations, inferences and legal conclusions contained in Paragraph 9 of the Plaintiff's Complaint and demand strict proof thereof.

10. Defendants do not contest venue but otherwise deny the allegations, inferences and legal conclusions contained in Paragraph 10 of the Plaintiff's Complaint and demand strict proof thereof.

11. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 11 of the Plaintiff's Complaint and demand strict proof thereof.

## GENERAL ALLEGATIONS

12. Defendants admit the allegations in Paragraph 12 of the Plaintiff's Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Plaintiff's Complaint.

14. Defendants admit the allegations in Paragraph 14 of the Plaintiff's Complaint.

15. Defendants admit the allegations in Paragraph 15 of the Plaintiff's Complaint.

16. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 16 of the Plaintiff's Complaint and demand strict proof thereof.

17. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 17 of the Plaintiff's Complaint and demand strict proof thereof.

18. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 18 of the Plaintiff's Complaint and demand strict proof thereof.

19. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 19 of the Plaintiff's Complaint and demand strict proof thereof.

20. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 20 of the Plaintiff's Complaint and demand strict proof thereof.

21. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 21 of the Plaintiff's Complaint and demand strict proof thereof.

22. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 22 of the Plaintiff's Complaint and demand strict proof thereof.

23. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 23 of the Plaintiff's Complaint and demand strict proof thereof.

24. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 24 of the Plaintiff's Complaint and demand strict proof thereof.

25. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 25 of the Plaintiff's Complaint and demand strict proof thereof.

26. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 26 of the Plaintiff's Complaint and demand strict proof thereof.

27. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 27 of the Plaintiff's Complaint and demand strict proof thereof.

28. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 28 of the Plaintiff's Complaint and demand strict proof thereof.

29. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 29 of the Plaintiff's Complaint and demand strict proof thereof.

30. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 30 of the Plaintiff's Complaint and demand strict proof thereof.

31. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 31 of the Plaintiff's Complaint and demand strict proof thereof.

## **Overtime Compensation Owed to Plaintiff**

32. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 32 of the Plaintiff's Complaint and demand strict proof thereof.

33. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 33 of the Plaintiff's Complaint and demand strict proof thereof.

34. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 34 of the Plaintiff's Complaint and demand strict proof thereof.

35. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 35 of the Plaintiff's Complaint and demand strict proof thereof.

36. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 36 of the Plaintiff's Complaint and demand strict proof thereof.

37. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 37 of the Plaintiff's Complaint and demand strict proof thereof.

38. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 38 of the Plaintiff's Complaint and demand strict proof thereof.

**Unlawful Misclassification as Independent Contractor**

39. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 39 of the Plaintiff's Complaint and demand strict proof thereof.

40. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 40 of the Plaintiff's Complaint and demand strict proof thereof.

41. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 41 of the Plaintiff's Complaint and demand strict proof thereof.

42. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 42 of the Plaintiff's Complaint and demand strict proof thereof.

43. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 43 of the Plaintiff's Complaint and demand strict proof thereof.

44. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 44 of the Plaintiff's Complaint and demand strict proof thereof.

45. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 45 of the Plaintiff's Complaint and demand strict proof thereof.

46. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 46 of the Plaintiff's Complaint and demand strict proof thereof.

47. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 47 of the Plaintiff's Complaint and demand strict proof thereof.

48. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 48 of the Plaintiff's Complaint and demand strict proof thereof.

49. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 49 of the Plaintiff's Complaint and demand strict proof thereof.

50. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 50 of the Plaintiff's Complaint and demand strict proof thereof.

51. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 51 of the Plaintiff's Complaint and demand strict proof thereof.

52. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 52 of the Plaintiff's Complaint and demand strict proof thereof.

53. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 53 of the Plaintiff's Complaint and demand strict proof thereof.

54. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 54 of the Plaintiff's Complaint and demand strict proof thereof.

55. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 55 of the Plaintiff's Complaint and demand strict proof thereof.

56. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 56 of the Plaintiff's Complaint and demand strict proof thereof.

57. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 57 of the Plaintiff's Complaint and demand strict proof thereof.

58. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 58 of the Plaintiff's Complaint and demand strict proof thereof.

59. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 59 of the Plaintiff's Complaint and demand strict proof thereof.

60. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 60 of the Plaintiff's Complaint and demand strict proof thereof.

61. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 61 of the Plaintiff's Complaint and demand strict proof thereof.

62. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 62 of the Plaintiff's Complaint and demand strict proof thereof.

**COUNT I – FEDERAL OVERTIME WAGE LAW VOLATIONS – *29 U.S.C. § 207***
**(Against All Defendants)**

63. With regard to Paragraph 63, Defendants restate, reallege and incorporate herein each and every response to Plaintiff's Complaint contained in Paragraphs 1 through 62 above.

64. Defendants admit that Plaintiff purports to bring a claim arising under the FLSA but deny that there is any such claim and further deny the allegations, inferences and legal conclusions contained in Paragraph 64 of the Plaintiff's Complaint and demand strict proof thereof.

65. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 65 of the Plaintiff's Complaint and demand strict proof thereof.

66. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 66 of the Plaintiff's Complaint and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause of Count I of the Plaintiff's Complaint.

## COUNT II – VIOLATION OF *26 U.S.C. § 7434*
**(Against All Defendants)**

67. With regard to Paragraph 67, Defendants restate, reallege and incorporate herein each and every response to Plaintiff's Complaint contained in Paragraphs 1 through 62 above.

68. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 68 of the Plaintiff's Complaint and demand strict proof thereof.

69. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 69 of the Plaintiff's Complaint and demand strict proof thereof.

70. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 70 of the Plaintiff's Complaint and demand strict proof thereof.

71. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 71 of the Plaintiff's Complaint and demand strict proof thereof.

72. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 72 of the Plaintiff's Complaint and demand strict proof thereof.

73. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 73 of the Plaintiff's Complaint and demand strict proof thereof.

74. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 74 of the Plaintiff's Complaint and demand strict proof thereof.

75. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 75 of the Plaintiff's Complaint and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause of Count II of the Plaintiff's Complaint.

## COUNT III – BREACH OF CONTRACT FOR UNPAID WAGES

76. With regard to Paragraph 76, Defendants restate, reallege and incorporate herein each and every response to Plaintiff's Complaint contained in Paragraphs 1 through 62 above.

77. Defendants admit that Plaintiff purports to bring a claim for breach of contract but deny that there is any such claim and further deny the allegations, inferences and legal conclusions contained in Paragraph 77 of the Plaintiff's Complaint and demand strict proof thereof.

78. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 78 of the Plaintiff's Complaint and demand strict proof thereof.

79. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 79 of the Plaintiff's Complaint and demand strict proof thereof.

80. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 80 of the Plaintiff's Complaint and demand strict proof thereof.

81. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 81 of the Plaintiff's Complaint and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause of Count III of the Plaintiff's Complaint. Defendants take no position with regard to Plaintiff's demand for a trial by jury.

## **AFFIRMATIVE DEFENSES**

82. As and for their First Affirmative Defense, Defendants state that none of their actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

83. As and for their Second Affirmative Defense, Defendants state that the Plaintiff's claim for liquidated damages is barred because Defendants at all times material hereto acted in good faith and has reasonable grounds for believing that their policies and practices were not violations of the FLSA, as amended.

84. As and for their Third Affirmative Defense, Defendants state that all or part of the Plaintiff's claims are barred by the applicable statute of limitations.

85. As and for their Fourth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because Defendants at all times material hereto acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

86. As and for their Fifth Affirmative Defense, Defendants state that Plaintiff has failed to state a claim upon which relief may be granted.

87. As and for their Sixth Affirmative Defense, Defendants state that the Plaintiff's claims are barred because any hours worked by the Plaintiff over forty (40) in any particular workweek for which the Plaintiff was not properly paid was without the knowledge, either actual or constructive, of Defendants.

88. As and for their Seventh Affirmative Defense, Defendants state that the Plaintiff's claims are barred because the Plaintiff has been properly paid.

89. As and for their Eighth Affirmative Defense, Defendants state that the Plaintiff's claims are barred by the "de minimus" doctrine.

90. As and for their Ninth Affirmative Defense, Defendants state that the Plaintiff's claims against JEFFREY PEER, in his individual capacity, are barred because he is not an "employer" within the meaning of the Fair Labor Standards Act.

91. As and for their Tenth Affirmative Defense, Defendants state that the Plaintiff was exempt pursuant to the executive and/or administrative exemption, and therefore not entitled to overtime even if she worked it.

92. As and for their Eleventh Affirmative Defense, and to the extent Plaintiff attempts to bring this action on behalf of other similarly situated employees, Defendants state that there exist no similarly situated employees and/or no similarly situated employees who desire to opt-in to this action.

93. As and for their Twelfth Affirmative Defense, Defendants state that the Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

94. As and for their Thirteenth Affirmative Defense, Defendants state that the Plaintiff's claims are barred based on the doctrine of unclean hands.

95. As and for their Fourteenth Affirmative Defense, Defendants state that the Plaintiff's claims are barred based on the doctrine of unjust enrichment.

96. As and for their Fifteenth Affirmative Defense, Defendants state that the Plaintiff's claims and the relief sought are barred due to her own breach of contract.

97. As and for their Sixteenth Affirmative Defense, Defendants state that all or part of Plaintiff's Complaint is barred inasmuch as Plaintiff was never an employee of Defendants. At all material times hereto, Plaintiff was an independent contractor of the corporate Defendant.

Defendants reserve the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process.

## DEMAND FOR COSTS AND ATTORNEY'S FEES

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's claims pursuant to § 448.08, Fla. Stat., as well as because the claims have been brought in bad faith. *See*, e.g., *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray that this Honorable Court dismiss with prejudice the Plaintiff's claims in full, tax costs against the Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).

Dated: January 12, 2019　　　　　　　　　Respectfully submitted,
　　　　　Boca Raton, FL

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-Mail:  DRL@PBL-Law.com
ERICA A. GONSALVES, ESQ.
Florida Bar No. 125538
E-Mail:  EG@PBL-Law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:     (561) 544-8900
Facsimile:      (561) 544-8999
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.
ERICA A. GONSALVES, ESQ.

## SERVICE LIST

*Valerie Vanderbilt v. Boat Bottom Express, et al..*
Case No. 4:18-cv-10261-JLK  (King / Simonton)
United States District Court, Southern District of Florida

| | |
|---|---|
| Melissa J. Scott, Esquire<br>E-Mail:  melissa@jordanrichardspllc.com<br>USA Employment Lawyers<br> Jordan Richards PLLC<br>805 E. Broward Blvd., Suite 301<br>Fort Lauderdale, FL  33301<br>Telephone:    (954) 871-0050<br>Counsel for Plaintiff<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail:  DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:    (561) 544-8900<br>Facsimile:    (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |
| Jordan L. Richards, Esquire<br>E-Mail:  jordan@jordanrichardslaw.com<br>USA Employment Lawyers<br> Jordan Richards PLLC<br>805 E. Broward Blvd., Suite 301<br>Fort Lauderdale, FL  33301<br>Telephone:    (954) 871-0050<br>Counsel for Plaintiff<br>*Via CM/ECF* | Erica A. Gonsalves, Esquire<br>E-Mail:  EG@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:    (561) 544-8900<br>Facsimile:    (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |