UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:18-CV-10261-JLK

VALERIE VANDERBILT,

    Plaintiff,

v.

BOAT BOTTOM EXPRESS LIMITED
LIABILITY COMPANY, a Florida limited
liability company, and JEFFREY PEER,
individually,

    Defendants.
_____/

## OPINION ON DAMAGES, FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THIS CAUSE** came before the Court upon the evidentiary hearing it held on the issue of damages on June 22, 2019 (D.E. 35).[1]

Plaintiff Valerie Vanderbilt filed this case against Boat Bottom Express Limited Liability Company ("BBE"), a business in Ramrod Key, Florida, and Jeffrey Peer, alleged owner of BBE, for unpaid overtime violations, fraudulent filing of a tax return, and breach of contract (D.E. 1). After both Defendants defaulted, the Court granted Plaintiff's Motion for Entry of Final Default Judgment as to liability, and set an evidentiary hearing to allow her to prove her unliquidated damages (D.E. 30). Defendants did not appear at the June 22, 2019 hearing. Plaintiff called two witnesses: (a) herself, and (b) her fiancé Gregory Knippel.

---

[1] This Order memorializes findings of fact and conclusions of law that the Court articulated at the June 22, 2019 hearing.

1

Regarding Plaintiff's claim for unpaid overtime violations against both Defendants, the uncontroverted testimony shows that there was a verbal contract between Ms. Vanderbilt and Jeffrey Peer under which Defendants agreed to pay her $16 per hour to perform various tasks for the business. For a total of four weeks Ms. Vanderbilt opened and closed the business Monday through Saturday (working 8:30 a.m. to 5 p.m.) and worked nights taking calls from customers and handling other tasks for Jeffrey Peer individually and for BBE. She testified: "Basically, I ran everything." The Court finds based on Plaintiff's testimony that for those four weeks, Ms. Vanderbilt worked 63 hours per week, rather than 40 hours per week. Twenty-three hours of overtime over four weeks totals $2,208.00.[2] The Court also finds that Plaintiff is entitled to an equivalent amount of liquidated damages under the FLSA where Defendants' actions in failing to pay overtime were intentional. Therefore, in total, Defendants jointly and severally owe **$4,416.00** for unpaid overtime violations.

As for Plaintiff's claim for breach of contract against BBE, based on the uncontradicted testimony, the Court determines there was in fact a second contract between Valerie Vanderbilt and BBE entered into about four weeks after the initial contract. Specifically, on an evening in mid-November 2017, Valerie Vanderbilt, Gregory Knippel, and Jeffrey Peer were all present at Ms. Vanderbilt and Mr. Knippel's residence in Big Pine Key, and had a conversation wherein Mr. Peer (acting on behalf of BBE) offered Ms. Vanderbilt a new contract of $1,000 per month plus 7% of BBE's yearly gross revenue (less the costs of labor and materials), and she verbally accepted the offer. According to testimony, 7% of gross revenue portion of the agreement was memorialized on a piece of

---

[2] (23 hours)*($24/hour)*(4 weeks).

paper signed by both Ms. Vanderiblt and Mr. Peer. They then proceeded to "whiteboard" how they could grow the company following Hurricane Irma, which had hit the area in September 2017. The Court finds that Ms. Vanderbilt continued to perform under the second contract until she was terminated in mid-October 2018. Her termination consisted of a woman appearing at her office (who, Ms. Vanderbilt testified, she eventually realized she had seen with Mr. Peer as his friend or acquaintance) and demanding her files, laptop, and keys to the company car. The Court finds that the written contract entitling Ms. Vanderbilt to 7% of gross revenue (minus labor and materials) was confiscated along with Ms. Vanderbilt's other work materials. At the hearing, Ms. Vanderbilt testified that BBE's gross revenue for the year was "right in the neighborhood of $650,000" (she testified that she "did all the Quickbooks, every day"), but she was unable to proffer any evidence in support of the cost of labor and materials beyond her own salary of $1,000 per month for 2018. As the Court ruled at the hearing, this is simply insufficiently precise to support a damages award for Plaintiff's breach of contract claim.

Regarding Plaintiff's claim for fraudulent filing of tax return pursuant to 26 U.S.C. § 7434 against both Defendants, Ms. Vanderbilt testified that, after consulting a personal acquaintance who is a "CPA," she told Mr. Peer twice in the same week that she should be classified as an employee and not an independent contractor. She testified that in 2019, she nevertheless received through U.S. Mail an IRS Form 1099-MISC for the 2018 fiscal year. Plaintiff submitted this document as Exhibit 3, and it indeed lists that Boat Bottom Express LLC paid Valerie Vanderbilt "nonemployee compensation" of $48,684.63 for 2018. Plaintiff argues that this evidences Defendants unlawfully giving false information to the IRS

3

indicating that she was an independent contractor, when in fact she was an employee pursuant to the $1,000 per month verbal contract discussed above. Ms. Vanderbilt testified that she was not involved in the furnishing of the Form 1099 at issue, and did not send it to the IRS, as she was no longer working for BBE at that point. The Court finds that Defendant BBE (listed on the form as "PAYER") furnished the document at issue to the IRS, and as such, Defendant BBE is liable to Plaintiff for **$5,000.00** in statutory damages pursuant to 26 U.S.C. § 7434.

Therefore, based on the uncontradicted, defaulted testimony, the damages in this case are **$4,416.00** against both Defendants jointly and severally, and **$5,000.00** against Defendant Boat Bottom Express Limited Liability Company.

The Court further finds that the fees and costs requested by Plaintiff and supported by the declarations of counsel in Exhibit 4, totaling $7,550.25 in attorney's fees and $593.12 in taxable costs, are reasonable. At the hearing Plaintiff's counsel Jordan Richards requested an additional two billable hours at his rate of $350 per hour for his argument that day, and the Court found this reasonable. Therefore, Plaintiff is due to be awarded a total of **$8,843.35** in fees and costs.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of July, 2019.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **All Counsel of Record**